UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2026 MAY 19  AM 11: 00

MARGARET BOTKINS, CLERK
CASPER

---

SAUL ANGEL FELIPE PEREZ,

Petitioner,

v.

JOHN GROSSNICKLE, in his official capacity as Sheriff
of Sweetwater County;
THE SWEETWATER COUNTY SHERIFF'S OFFICE;
ROBERT HAGEN, in his official capacity as the United
States Immigration and Customs Enforcement Denver
Field Office Director;
TODD LYONS, Acting Director of the Department of the
U.S. Department of Immigrations and Customs
Enforcement (ICE);
U.S. DEPARTMENT OF IMMIGRATION AND
CUSTOMS ENFORCEMENT;
MARKWAYNE MULLIN, in his official capacity as
Secretary of the Department of Homeland Security
(DHS); and
TODD BLANCHE, in his official capacity as Acting
Attorney General of the United States of America,

Respondents.

Case No. 26-CV-149-SWS

---

## ORDER STAYING TRANSFER OF PETITIONER DURING PENDENCY OF § 2241 PETITION

On January 15, 2026, Petitioner Saul Angel Felipe Perez filed a Petition for Writ of Habeas

Corpus under 28 U.S.C. § 2241. (ECF 1.) Therewith, Petitioner also filed a Motion for Order

Prohibiting Transfer of Petitioner from Wyoming. (ECF 2.)

The Court has "inherent power to preserve its ability to hear the case." *Alves* v. *U.S. Dep't*

*of Just.*, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025). A petitioner's transfer "to another

district could interfere with his access to counsel and ability to participate in the proceedings."

*Tran* v. *Bondi, et al.,* No. CV25-1897-JLR-BAT, ECF No. 6 at 3 (W.D. Wash. Oct. 7, 2025). To preserve this Court's jurisdiction over the pending petition and to ensure Petitioner has adequate access to counsel, the Court will restrain Respondents from transferring Petitioner outside the District of Wyoming or removing him from the United States absent further order from this Court. *See, e.g., Westley* v. *Harper,* No. 25 Civ. 229, ECF No. 7 (E.D. La. Feb. 2, 2025) (restraining respondents "from (a) attempting to remove petitioner from the jurisdiction of the United States District Court for the Eastern District of Louisiana to any location outside [the] district, and (b) removing petitioner from the United States"); *Sillah* v. *Barr,* No. 19 Civ. 1747, ECF No. 6 (S.D.N.Y. Feb. 25, 2019) (enjoining respondents from transferring defendant outside of the New York City area while defendant's habeas petition was pending); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). If, during the pendency of this petition, the Government receives the necessary documentation to remove Petitioner, it should promptly notify the Court of such.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Order Prohibiting Transfer of Petitioner from Wyoming (ECF 2) is **GRANTED**. Respondents shall not transfer Petitioner outside the District of Wyoming or remove him from the United States while this § 2241 petition is pending without first obtaining leave from this Court. If Respondents have already moved Petitioner out of this federal district, they are hereby enjoined from moving him again without first obtaining leave from this Court.

ORDERED: May __19th__, 2026.

Scott W. Skavdahl
United States District Judge