

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

SAUL ANGEL FELIPE PEREZ,

    Petitioner,

v.

JOHN GROSSNICKLE, in his official capacity as Sheriff
of Sweetwater County;
THE SWEETWATER COUNTY SHERIFF'S OFFICE;
ROBERT HAGEN, in his official capacity as the United
States Immigration and Customs Enforcement Denver
Field Office Director;
TODD LYONS, Acting Director of the Department of the
U.S. Department of Immigrations and Customs
Enforcement (ICE);
U.S. DEPARTMENT OF IMMIGRATION AND
CUSTOMS ENFORCEMENT;
MARKWAYNE MULLIN, in his official capacity as
Secretary of the Department of Homeland Security
(DHS); and
TODD BLANCHE, in his official capacity as Acting
Attorney General of the United States of America,

    Respondents.

Case No. 26-CV-149-SWS

---

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

This matter comes before the Court on Saul Angel Felipe Perez's Petition for Writ of

Habeas Corpus seeking relief under 28 U.S.C. § 2241. (ECF 1.) This case presents the now well-

trodden issue of a noncitizen's detention by U.S. Immigration and Customs Enforcement (ICE)

under 8 U.S.C. § 1225(b), which includes no right to a bond hearing, versus 8 U.S.C. § 1226(a),

which guarantees an individualized bond hearing. Petitioner contends that his detention is pursuant

to § 1226(a) while the Federal Respondents argue he is being held under § 1225(b). State

Respondents, the Sweetwater County Sheriff and his Sheriff's Office, say the case is moot as to

them because Petitioner was transferred to a federal holding facility in Colorado after he filed his petition. (ECF 8.) Having considered the parties' arguments, reviewed the record herein, and being otherwise fully advised, the Court concludes Petitioner is due an individualized bond hearing under 8 U.S.C. § 1226(a).[1]

## BACKGROUND

This factual background is taken from Petitioner's and State Respondents' submissions. Petitioner is a Guatemalan national who has continuously but illegally resided in the United States since 2018. (ECF 1 p. 2; ECF 8 p. 3.) He has two stepchildren and four biological children, all minors, who reside with him in Louisville, Kentucky. (ECF 1 p. 2.)

On March 14, 2026, he was driving from work to his home in Kentucky when he was stopped for a traffic violation[2] in Sweetwater County, Wyoming. (*Id.*) He was arrested and charged with three offenses, including lacking a driver's license and proof of insurance. (*Id.*)

That same day, following the law enforcement officer contacting ICE about Petitioner's immigration status, the U.S. Department of Homeland Security (DHS), "pursuant to sections 236 and 287 of the Immigration and Nationality Act (INA), issued a warrant for arrest of an alien for immigration violations. INA § 236 corresponds to 8 U.S.C. § 1226." (ECF 8 p. 3.)

On May 4, 2026, as part of a plea agreement, Petitioner pled guilty to the traffic violation (speeding or failure to maintain a single lane of travel, as the case may be), and the other two charges were dismissed. (ECF 1 p. 2.) "Upon completion of the State charges, Petitioner was housed in the Sweetwater County Detention Center in ICE custody pursuant to the aforementioned

---

[1] The Court previously provided a deadline for Petitioner to file a reply to the Respondents' responses, but considering the Federal Respondents' response, the Court determines it better to expedite disposition of this matter.

[2] Petitioner asserts he was stopped for speeding. (ECF 1 p. 2.) State Respondents assert he was stopped for failure to maintain a single lane of travel. (ECF 8 p. 3.) This disagreement is not material to the issues before this Court.

§ 1226 DHS warrant." (ECF 8 p. 4.)

On May 6, 2026, Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF 1.) Within a day or two, he was transferred to an ICE holding facility in Aurora, Colorado. (ECF 8 p. 4.)

Petitioner relies on 8 U.S.C. § 1226(a) in arguing Respondents have erroneously deprived him of a bond hearing. He asks the Court to order his immediate release or, alternatively, to require Respondents to hold an immediate bond hearing. (ECF 1 p. 3.) Federal Respondents contend Petitioner is detained under 8 U.S.C. § 1225(b)(2), which does not give him any right to a bond hearing, but Federal Respondents concede this Court has previously ruled against Federal Respondents on this issue. (ECF 9 p. 2.)

## DISCUSSION

The primary federal habeas corpus statute, 28 U.S.C. § 2241, confers subject-matter jurisdiction upon the district courts (among other courts) to consider prisoners' claims of illegal detention. *See* 28 U.S.C. § 2241(a), (c)(1), (c)(3); *Rasul v. Bush*, 542 U.S. 466, 483-84 (2004), *judgment entered*, No. 04A41, 2004 WL 7372970 (U.S. July 16, 2004); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). And the Court retains jurisdiction over the matter despite Petitioner being transferred out of Wyoming after filing his petition. "It is well established that jurisdiction attaches on the initial filing for habeas corpus relief and is not destroyed by a transfer of the petitioner." *Serna v. Commandant, USDB-Leavenworth*, 608 F. App'x 713, 714 (10th Cir. 2015) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) (internal quotations omitted)).

For two separate reasons, the Court determines Petitioner is detained under § 1226(a) rather than § 1225(b), and therefore entitled to an individualized bond hearing.

First, specific to this case, State Respondents expressly assert that DHS issued a warrant for Petitioner's arrest under INA § 236, which State Respondents accurately note corresponds to § 1226. (ECF 8 p. 3.) Sweetwater County Undersheriff Joseph Tomich provided a declaration in support of State Respondents' response to the petition (ECF 8-1), where he stated, "On March 14, 2026, DHS, pursuant to sections 236 and 287 of the Immigration and Nationality Act (INA), issued a warrant for arrest of an alien for immigration violations. INA § 236 corresponds to 8 U.S.C. § 1226." (Tomich Decl. ¶ 7.) And § 1226(a) provides in part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.

If Petitioner was arrested on a warrant issued under the authority of § 1226(a), then obviously § 1226(a) applies to Petitioner's detention. And under § 1226(a)(1), (a)(2), and (a)(3), Petitioner is entitled to a bond hearing.

Second, notwithstanding the DHS's arrest warrant, the Court finds Petitioner is detained under § 1226(a) based on the same reasoning this Court already set forth in *Gelashvili v. ICE, et al.*, Case No. 26-CV-42-SWS ECF 16 (D. Wyo. Feb. 2, 2026), and *Serrato v. ICE, et al.*, Case No. 25-CV-245-SWS ECF 23 (D. Wyo. Nov. 18, 2025). The Court quotes from *Serrato* to briefly summarize the applicable reasoning:

> [A]s a plethora of federal district court cases have recently pointed out, and as supported by U.S. Supreme Court dicta, the INA statutes were written and arranged so that § 1225 primarily applied to noncitizens who were encountered at or near their entry into the United States (whether lawful or unlawful), while § 1226 primarily applied to noncitizens who were already within the interior of the United States, often, like Mr. Serrato, for long periods of time. *See, e.g. Nielsen v. Preap*, 586 U.S. 392, 396-97 (2019) (stating that § 1226(a) "applies to most such aliens" who are "present in the country" but removable); *Jennings* [*v. Rodrigez*], 583 U.S. [281,] 289 [(2018)] (§ 1226(a) and (c) "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings"); *Alvarez Orliz v. Freden*, — F. Supp. 3d —, 2025 WL 3085032, at *1 (W.D.N.Y. Nov. 4, 2025) ("8 U.S.C. § 1225, covering noncitizens when they arrive at the border or when they enter illegally and are caught very close to the border, and 8

U.S.C. § 1226, covering noncitizens who successfully have entered the United States—whether legally or illegally"). For decades, the Government's relevant agencies operated under and enforced this statutory scheme. *See Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 61 Fed. Reg. 10312, 10323 (Mar. 6, 1997) ("Despite being applicants for admission, aliens who are present without having been admitted or paroled ... will be eligible for bond and bond redetermination."). As noted earlier, the Court understands the United States Department of Homeland Security, supported by the Board of Immigration Appeals, has recently changed its decades-long approach, but neither Respondents here nor the decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA Sep. 5, 2025), persuade this Court that the prior understanding and application of the statutory scheme was erroneous or broken. "The Court joins the many other courts nationwide who have declined to accept Respondents' novel new interpretation of decades-old law." *Hernandez v. Ballazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *7 (D. Colo. Oct. 24, 2025) (collecting cases).

*Serrato*, ECF 23 at pp. 10-11.

The Court understands there is a split of circuit court authority on this issue, with the Second, Sixth, and Eleventh Circuits having held similar to this Court, while the Fifth and Eighth Circuits have accepted the Government's new interpretation of the immigration statutes. The Tenth Circuit has not weighed in on the matter, but "decisions in other districts within this circuit adopting federal respondents' position have been appealed to the Tenth Circuit," and those appeals are currently pending. (ECF 9 p. 2.) Nonetheless, Federal Respondents do not offer any new analysis in this case (*see* ECF 9), and the Court does not find any convincing reason to deviate from its prior rulings on this question.

## CONCLUSION AND ORDER

The Court concludes 8 U.S.C. § 1226(a) better applies to Petitioner's detention, and it guarantees him an individualized bond hearing, which he has not received. To correct this due process deficiency, the Court will order that Petitioner receive a timely bond hearing, whereupon it will be his burden to show he does not pose a danger and is not a flight risk. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) ("To secure release, the alien must show that he does

not pose a danger to the community and that he is likely to appear for future proceedings.") (citing 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8) (2020); *In re Adeniji*, 22 I. & N. Dec. 1102, 1113 (BIA 1999)).

**IT IS THEREFORE ORDERED** that Saul Angel Felipe Perez's Petition for Writ of Habeas Corpus (ECF 1) is **GRANTED**. Federal Respondents shall provide an individualized bond hearing under 8 U.S.C. § 1226(a) to Mr. Perez **within seven (7) calendar days** of the date of this Order.

**IT IS FURTHER ORDERED** that the claim(s) against the State Respondents, Sheriff Grossnickle and the Sweetwater County Sheriff's Office, are hereby **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that if Federal Respondents fail to provide Mr. Perez with an individualized bond hearing under § 1226(a) within seven (7) calendar days of this Order, Federal Respondents shall immediately release Mr. Serrato from detention upon his posting of a $1,500 bond. *See* 8 U.S.C. § 1226(a)(2).

**IT IS FURTHER ORDERED** that this Court's earlier restraint against Respondents transferring Mr. Perez (ECF 5) is hereby **LIFTED AND CANCELED**.

**IT IS FINALLY ORDERED** that Federal Respondents shall file a status report **within seven (7) days** of the bond hearing that certifies compliance with this Order. The status report shall identify whether the individualized bond hearing occurred, whether release on bond was granted or denied, and the reasons for any such denial.

**ORDERED**: May 26th, 2026.

Scott W. Skavdahl
United States District Judge